IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Leslie Ellis,

    Plaintiff,

v.

Diversified Acceptance Corporation
d/b/a/ M. Leonard & Associates

    Defendant

Civil Action File No.:

**COMPLAINT WITH
JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.    Plaintiff, Leslie Ellis, is a natural person who resides in Gwinnett County, Georgia.

1

2. Defendant, Diversified Acceptance Corporation, can be served through its registered agent, Lloyd Dix, 22287 Mulholland Highway, #414, Calabasas California 91302 .

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the conduct complained of herein occurred in Gwinnett County, which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of electric utility service and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

13. For the last several months, the Plaintiff has been receiving collection calls and letters from a number of parties, including the Defendant.

14. The Plaintiff is desirous of getting control over her debt and working out a plan to resolve what she owes to various creditors. A critical part of this is obtaining clear information regarding each account and how each is being collected so that she can prioritize payment decisions.

15. As part of an ongoing effort to get her financial affairs in order, the Plaintiff obtained a copy of her credit report as published by Experian on August 4th, 2020.

16. In reviewing that report, Plaintiff noted a negative tradeline being reported by the Defendant with which she was not familiar.

17. Per Defendant's reporting to Experian on July 3, 2020, the original balance owed on the account it is collecting was $282.00.

18. On or about August 4, 2020, Plaintiff initiated a call to Defendant to obtain more information.

19. The Plaintiff's call was connected to an individual identifying herself as representing the Defendant. After verifying the Plaintiff's identity, Defendant confirmed it was collecting a balance of $$442.90 on behalf of OB/GYN Medical Group of Verdugo. The Defendant further advised the Plaintiff that the amount being collected was in fact the total of three charges for services rendered October 15th, 22nd and 28th of 2014.

20. The Plaintiff asked if the balance was accruing any interest or fees.

21. The Defendant responded "absolutely" and that the account accrued interest at the rate of .08 cents per day at this time.

22. Plaintiff interpreted the Defendant's qualifying statement to mean the rate of interest could fluctuate and perhaps increase.

23. The Defendant's representative advised her that she was and that in fact it was accruing interest at the rate of 10% per year.

24. Plaintiff advised the Defendant she could not possibly pay the balance at once. Defendant responded by suggesting that she begin making payments.

25. The Plaintiff asked if there were any negative effects associated with her making periodic payments. The Defendant responded in the negative, telling her, specifically, that such payments would show on her credit "that she was no longer behind."

26. The prejudgment rate of interest in California is 7% per annum.  Cal. Civ. Code § 3289.

27. At .08 cents per day, Defendant is effectively charging the Plaintiff interest at over 10% per annum.

28. The Defendant's reporting to Experian indicates it is charging the Plaintiff interest at a rate greater than that allowed by law.

29. The statute of limitations for a written contract under California law is four years.  Cal. Civ. Code §337(1).

30. A debt that is barred by the applicable statute of limitations can be revived under California law if an acknowledgement or promise is submitted in some form of writing. Cal. Civ. Code § 360.

31. Upon information and belief, the statute of limitations applicable to the Defendant's claims expired by the end of October 2018.

32. Under California law if the Plaintiff made partial payments toward the balance owed via a written instrument, such as a check or money order, it would revive the statute of limitations, much to the Plaintiff's detriment.

## INJURIES-IN-FACT

33. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

34. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

35. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

36. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

37. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff from making the necessary decisions regarding the prioritization of her making payments to resolve her debt.

38. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

39. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

   b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) Unlawful inflation of the debt owed and impairment of her creditworthiness via Defendant's false reporting to the credit bureaus and, by extension, their subscribers.

d.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

40. Plaintiff incorporates by reference paragraphs 1 through 38 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

41. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

42. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

43. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

44. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

45. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

46. Defendant's representations that the Plaintiff could begin to make regular, partial payments to be applied to the debt in collection without negative

consequence or effect was objectively false and or materially misleading in that such payments in conjunction with such an agreement would restart the applicable, and expired, statute of limitations.

47.   Defendant's representations were a violation of 15 U.S.C. §§ 1692e, 1692e(2) and e(10). *See*, *Lopera v. Midland Credit Mgmt., Inc*., 2016 WL 6650744 (M.D. Fla. Nov. 10, 2016) (denying dismissal of §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f claims based on letter offering to "resolve your unpaid" debt through payment plan, without disclosing that statute of limitations could be revived by partial payment or agreement to pay).

48.   Defendant's representations that the account was accruing interest at an effective rate of greater than 10% per year was objectively false, materially misleading, and a violation of 15 U.S.C. § 1692e, 1692e(2)(A), and 1692 e(5).

49.   Defendant's charging of interest greater that 7% per annum was a violation of 15 U.S.C. § 1692e(5).

50.   Defendant's reporting of inaccurate balance information to Experian was a violation of 15 U.S.C. § 1692e(8).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

51. Plaintiff incorporates by reference paragraphs 1 through 39 and 41 through 50 as though fully stated herein.

52. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

53. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

54. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

55. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

56. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

57. Defendant's conduct has implications for the consuming public in general.

58. Defendant's conduct negatively impacts the consumer marketplace.

59. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

60. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

61. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

62. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

63. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

64. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 21st day of September 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*